# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA A. YOUNGER,<br><br>        Plaintiff,<br><br>v.<br><br>DAVIS COUNTY JAIL et al.,<br><br>        Defendants. | **ORDER TO SHOW CAUSE REGARDING ORDER TO CURE DEFICIENT COMPLAINT & MEMORANDUM DECISION**<br><br>Case No. 1:18-CV-62<br><br>District Judge Clark Waddoups |

On January 3, 2019, the Court screened the Complaint and ordered Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims. Instead of complying, Plaintiff sent the Court a nonresponsive letter appearing to either expound upon his claims or suggest new claims. The Court therefore orders Plaintiff to show cause why this action should not be dismissed.

Should Plaintiff wish to now comply with the Court's earlier order, the Court repeats its observations and guidance.

### A. Deficiencies in Complaint

Complaint:

(a) improperly names Davis County Jail as a defendant, though it is not an independent legal entity that can sue or be sued.

(b) possibly inappropriately allege civil-rights violations on a respondeat-superior theory.

(c) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous

legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points in amending the complaint. First, the revised complaint must stand entirely on its own and may not refer to, or incorporate by reference, any part of the original complaint or other documents filed (e.g., Plaintiff's letter of January 25, 2019). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days **SHOW CAUSE** why this action should not be dismissed because he has not, as previously ordered, cured the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should Plaintiff choose to file an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 16th day of May, 2019.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court